# UNITED STATES DISTRICT COURT

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN

**JAN 2 7 2014**

BY_____
DEPUTY CLERK

Middle DISTRICT OF Tennessee

UNITED STATES OF AMERICA
V.
KEVIN HOWARD & DANTWAN CRUMP

### CRIMINAL COMPLAINT

Case Number: 14-mj-1029

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __January 24, 2014__ in __Davidson__ County, in the __Middle__ District of __Tennessee__ defendant(s) did,

(Date)

(Track Statutory Language of Offense)
combine, conspire, confederate, and agree with each other and unknown others to unlawfully, knowingly, and intentionally possess with intent to distribute and to distribute 1.5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 846__ .

I further state that I am a(n) __Postal Inspector__ and that this complaint is based on the following facts:

Official Title

See Attached Affidavit.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

D.E. Paxton, Postal Inspector
Printed Name of Complainant

Sworn to before me and signed in my presence,

_January 27, 2014_
Date

at Nashville Tennessee
City State

Juliet Griffin      Magistrate Judge
Name of Judge      Title of Judge

_____
Signature of Judge

1. On January 22, 2014, Los Angeles, CA Postal Inspectors contacted Nashville, TN Postal Inspectors in reference to a suspect they had taken into custody in CA that had been arrested for mailing two kilos of Cocaine to an address in NY. Search of the suspect's person revealed a postal service receipt indicating a package had also been mailed from CA to an address in Nashville, TN. This package was also suspected of containing Cocaine.

2. On January 23, 2014, I, Inspector Donald E. Paxton, intercepted the above referenced suspect parcel at the Woodbine Station, Nashville, TN Post Office and secured it for further investigation. The parcel was addressed to Angie Smith, 4845 Lynn Dr., Nashville, TN 37211 with a return address of Michael Jones, 10720 Lakewood Blvd., Downey, CA. Open source database searches came back negative for both names associating to the listed addresses. The address for 4845 Lynn Dr, Nashville, TN associated to Dantwan Crump.

3. On January 24, 2014, I coordinated with Metro Nashville Police Department Special Investigations Division Narcotics Unit agents to conduct a controlled delivery and knock and talk investigation at the suspect address on the parcel. Prior to conducting the controlled delivery, a request was made to the Metropolitan Nashville Police Department (MNPD) Canine unit for a trained drug detection canine. The suspect package was placed along with several control boxes (that is, boxes containing no narcotics or narcotic odors) and presented to Metropolitan Nashville drug detection canine named "Mario." The dog positively alerted on the suspect package for the presence of odors of controlled substances. The dog did not alert on the control boxes.

4. At approximately 1:55 PM Inspector Paxton, working in an undercover capacity, played the role of a United States Postal Service (USPS) letter carrier and drove a USPS delivery vehicle to the suspect address. Once at the address, I proceeded to the front door of the residence and knocked. A male subject asked who it was and I advised him it was the "Post Office". The black male subject, later positively identified as Kevin Howard, opened the door. I advised Howard that I was a delivery supervisor and we had a package that had come in for an Angie Smith to this address and the regular letter carrier did not recognize the name so I had come out to see if they were expecting a package in that name. Howard stated yes, he was expecting a package and that was his girl friends name but he would take it on her behalf. I advised him that since the name was not recognized, someone would have to sign for the package and he stated he would sign and accept the package. I gave him a USPS form 3849, delivery signature slip, and he asked if he needed to sign the name Angie Smith or his name. I advised him it didn't matter, as long as someone signed for it. Howard took the 3849 and signed the name Angie Smith and gave the slip back to me. I asked Howard if he would

1

come out to the delivery vehicle and get the package and he stated no, that I could just go get it myself and leave it on the porch.

5. As I was taking the package back to the residence two Metro Narcotics Agents began approaching the residence to make contact with the occupants. Information that was later confirmed indicates the residence was equipped with video surveillance cameras and monitors and it is believed the occupants either saw the police officers approaching from the surveillance cameras or from a front window. When I arrived back at the porch, I again knocked on the door and Howard again asked who it was. I again told him it was the post office with his package.

6. Metro Narcotics detectives then knocked on the door and Howard again shouted who is it? They identified themselves as Metro Police officers and Howard opened the door and began shouting that he had not taken the package and that his name was Kevin Howard and not the name on the package. As officers were making contact with Howard, I placed the parcel on the porch as previously instructed to do by Howard and left the area.

7. When agents made contact with Howard they asked if they could come in and talk to him and he stated yes. Once they had been allowed into the residence, they immediately noticed a strong odor of burnt marijuana. Another subject was located in the residence that subject, later positively identified as Dantwan Crump, was secured as well. Officers observed in plain view several bags / containers of green leafy substances suspected to be marijuana, several rounds of live pistol ammunition, numerous boxes of plastic baggies, latex gloves and filtered masks, as well as barricaded doors and security systems and monitors consistent with a narcotics premise used to receive and distribute controlled substances, i.e. a "cut house."

8. Howard was positively identified and was determined to have a lengthy criminal history of approximately 128 prior criminal charges including numerous narcotics violations, evidence tampering, resisting arrest and homicide. It was determined Howard also had an outstanding arrest warrant for failure to appear and was a convicted felon and on probation. Crump was recognized as being the younger brother of a suspect who had been involved with a 20 kilo Cocaine deal that Metro Police had investigated back in August 2013. It was also determined that Crump was a convicted felon and had a prior narcotics criminal history and served prison time. Both Howard and Crump were Mirandized and both subjects initially refused to discuss the package or plain view evidence with the officers.

9. Metro Narcotics Detective Robert Young drafted, applied and was granted a residential search warrant to search the residence and package based on the probable cause of the K-9 alert on the suspect package Howard had signed for and stated he was expecting, the suspected odor of freshly burnt marijuana, and the

2

other indicators which led officers to believe the residence was being used as a drug premises and "cut house".

10. Upon execution of the search warrant, the package was determined to contain a large gallon size jug of Banana "Muscle Milk" protein type powder. There were obvious tampering signs around the lid area of the container. The lid appeared to be glued closed. The container was cut open and inside was the protein powder and two vacuum sealed bags of a white powder substance. Field test of the substance indicated it was positive for Cocaine.

11. A search of the residence resulted in law enforcement officers locating a hidden trap or compartment under the vanity in the first bedroom bathroom. Inside the compartment was an Uzi style semi automatic pistol with a loaded approximately 30 round clip, two additional 30 round magazines, several large bags of suspected Cocaine, and several stacks of cash. In the back bedroom in a shoe in the closet was located a large number of individually wrapped baggies of suspected Cocaine and Crack Cocaine. In the kitchen area next to the stove was located numerous boxes of plastic baggies, several boxes of latex gloves and filtered face masks as well as several empty pots on the stove. In the cabinets were more boxes of plastic baggies, gloves, digital scales and items consistent with cutting Cocaine and making Crack Cocaine. Also several bags of suspected Marijuana were located throughout the residence. Inside several bags of trash in the back of the kitchen were numerous used and cut plastic baggies, empty baking soda boxes and used gloves all consistent with making Crack Cocaine.

12. Also located inside the residence were numerous pieces of US Mail addressed to Dantwan Crump as well as several containers with drug residue inside that had previously been sealed and had packing residue on the outside of them and are suspected of having been shipped in interstate commerce or via the US Mail. The first bedroom where Crump was initially located was found to contain additional banded stacks of cash and his state issued TN identification card was located next to the TV. Both Howard and Crump had a large amount of cash on their person in mixed denominations. *In total, one kilogram of cocaine was located in the delivered mailed package and another ~5 kilograms was located throughout the residence.*

13. During an initial interview with Crump, he initially stated he was a Cocaine dealer and was hoping to "score" one and a half ounces of Cocaine this date from Howard. Once agents revealed to Crump that a search warrant had been secured for the residence, he recanted and refused to make any additional statements.

14. Both Howard and Crump were transported to the Davidson County Sheriff's Office and booked for Conspiracy to possess with intent to delivery over 300 grams of Cocaine, Possession of Cocaine with intent to delivery over 300 grams of Cocaine, Possession of Marijuana with intent to delivery, Felon in possession of firearm, Simultaneous possession of dangerous drug and firearm, Possession of drug paraphernalia, and violation of drug offenses with a school zone.

3

D.E. Paxton
Special Agent
United States Postal Inspector


Sworn to before me on January 27, 2014 at ⎯⎯⎯⎯ p.m.

JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE
MIDDLE DISTRICT OF TENNESSEE

4